# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : Case No. 22-MJ-123 (RMM) |
| | : |
| **RAHEEM SNIDER,** | : |
| | : |
| **Defendant.** | : |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm) and 18 U.S.C. § 3142(d)(1)(A)(iii) (on supervision for any offense) of the federal bail statute. As discussed further below, the defendant stands charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). The defendant was arrested for the instant offense while on supervised probation in Superior Court felony cases 2020-CF2-006758, where he was convicted of Attempted Possession with Intent to Distribute Fentanyl and 2020-CF2-001793, where he was convicted of Carrying a Pistol Without a License.

The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by complaint with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding

One Year, in violation of Title 18 U.S.C. § 922(g)(1). His initial appearance in the United States District Court for the District of Columbia is scheduled before the Honorable Magistrate Judge Robin M. Meriweather for May 31, 2022. At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.

## II. <u>Legal Authority and Argument</u>

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. *Id.*; *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

Under Section 3142(g), the Court must analyze four factors in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case

require the Court to conclude that there is no condition or combination of conditions that would assure appearance of the defendant in court or the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### A. <u>Nature and Circumstances of the Offense Charged</u>

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention. While on probation, the defendant had a Glock 30 firearm with an obliterated serial number, loaded with 1 round in the chamber and 17 rounds in a 25-round-capacity magazine. The gun was also equipped with an apparent auto sear, a machine gun conversion device which converts a weapon to shoot more than one shot automatically with a single trigger pull, obviating the need to manually reload it.

Specifically, on May 26, 2022, at approximately 9:25 A.M., Officer Morgan Smiley of the Metropolitan Police Department ("MPD") used the social media platform Instagram to view a live broadcast of the account "_turkioo". During the broadcast, the defendant was smoking what appeared to be a marijuana cigarette and speaking to a female. During the feed, the defendant said, "You know where I'm at, it's early in the morning" and proceeded to turn the camera to show his whereabouts. Officer Smiley recognized that the defendant was in the 2700 block of Langston Place SE (Langston Lane Apartment Complex), parked in a fire lane. The defendant appeared to be sitting in the driver seat of a vehicle, and he showed the steering wheel on camera, which revealed a Toyota vehicle logo. Defendant Snider panned the camera to his lap to show the handle of a firearm and an extended magazine inserted in the well of the gun while stating, "Big ass G30." The firearm later recovered from him was a Glock 30.

At approximately 9:30 A.M., MPD Seventh District Crime Suppression officers pulled into

3

the 2700 block of Langston Place SE and immediately observed a dark in color Toyota parked in the fire lane with the driver side door open. Officers observed defendant Snider seated in the driver seat with the door open. Upon noticing the officers, the defendant dipped his right shoulder as if to conceal the firearm within the vehicle then immediately got out of the car, closing the door behind him. Officers stopped defendant Snider and conducted a pat down which revealed negative results. Defendant Snider was still in possession of the lit marijuana cigarette during the stop that was observed in the live broadcast.

Based on the facts and circumstances, officers conducted a probable cause search of the vehicle. Officer Smiley observed in the center console a firearm and voiced the predetermined code for the presence of a firearm. When officers found the gun, defendant Snider attempted to flee in handcuffs but was stopped. While officers were recovering prisoner's property, unidentified citizens approached to advise defendant Snider that his Instagram was still actively on live broadcast. Defendant Snider asked Officer Smiley to turn off his live broadcast and upon attempting to do so, Officer Smiley saw that the account "_turkioo" was in fact the account that was still live and ended it.

The gun recovered was a Glock 30, .45 caliber firearm with an obliterated serial number with one round in the chamber and 17 rounds in a 25-round-capacity magazine. As mentioned above, the gun was also equipped with an apparent auto-sear. This device is being tested by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Should testing confirm that the device is what it appears to be, the defendant would face up to ten years' incarceration under 18 U.S.C. § 924(a)(2) for possession of the machine gun.

Posts from the defendant's Instagram account make clear that he is well aware of what a

machine gun conversion device does, and that these devices make firearms more deadly. In one post to his account, he states: "I Be Out Here Wit Some Killas. Till The Fuckin Sun Up, Better Have Alotta Switches If You Ever Run Up." Upon information and belief, a "switch" is also a machine gun conversion device.



In another, he writes: "ANYWHERE in da city. Wit A Hundred & Sumn Shots On A N***a. Dey Know Not Ta Run Up On Me."



The defendant is also a music artist. In one music video where he is featured, which was

5

posted to YouTube, the lyrics state, ". . .on the switch and I'm shooting that b*tch," and "with the switch on the Glock and I'm shooting to hit." In another, the lyrics state, ". . .when that hit, you can't hide from the switch." In still another, they state, ". . .better duck low when the switches start thumpin'" and "Glock 26 with the switch, and I kick in his door. . . . ." These posts and videos are strong evidence of the defendant's knowledge of and intent to possess both the gun and auto sear which were recovered from him. Given the nature and circumstances of the offense charged, the defendant should be detained pretrial.

      **B.**     **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also weighs in favor of detention. The evidence against the defendant is strong. Five minutes before the defendant was stopped by officers, he broadcasted a video of himself sitting in a vehicle with the weapon he was shortly thereafter found to be in possession of.



On the broadcast, the defendant said, "Big ass G30," which is consistent with a Glock 30, the type recovered from the defendant's vehicle. Further, the gun was recovered from inside of the vehicle the defendant got out of, right next to where he had been sitting.

7



The weight of the evidence against the defendant supports pretrial detention.

**C.     The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, weighs heavily in favor of detention. Despite the defendant's relatively young age of 24, he has been arrested 21 times, resulting in 9 prior convictions. Additionally, he has nine prior bench warrants and had two open

warrants at the time of his arrest in this case. He also has a conviction for Failure to Appear from 2019 in Alexandria, VA, a Bail Reform Act violation (misdemeanor) from 2018 in D.C. Superior Court, and a Failure to Appear from 2018 in D.C. Superior Court, strongly suggesting that he is a flight risk.

The defendant has a history of possessing firearms and committing new offenses while on release and under court supervision. At the time of his arrest, he had two pending cases and was on probation for two others. In his first probation case, 2020 CF2 001793, the defendant pleaded guilty to Attempted Possession with Intent to Distribute a Controlled Substance (Fentanyl) after he was found with 36 pills in a plastic container in his groin area that contained Fentanyl and Eutylone. In that same case, he also had an unlabeled pill bottle containing 53 Oxcodone pills and a purple rock that field tested positive for synthetic cathinones. In the second case for which he is on probation, 2020 CF2 006758, the defendant was stopped by law enforcement due to an open warrant out of Charles County, Maryland. When he was searched, officers found a loaded gun on his person. Here, despite being under intensive court supervision, the defendant was again brazenly in possession of a particularly dangerous firearm. Thus, the defendant's history and characteristics strongly weigh in favor of detention.

### D. Danger to the Community

The defendant's prior criminal conduct, recent possession of firearms, and his own statements suggesting that he not only has guns and machine gun conversion devices but would use them is gravely concerning. It appears that he has been undeterred by his prior contacts with the justice system from illegally possessing a weapon, made more lethal by the addition of an auto sear. Consequently, the government submits that there exist no condition or combination of

9

conditions that would ensure the safety of the community. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            UNITED STATES ATTORNEY
                                            D.C. Bar No. 481052

By:            */s/ Meredith E. Mayer-Dempsey*
                    MEREDITH E. MAYER-DEMPSEY
                    N.Y. Attorney No. 5213202
                    Assistant United States Attorney
                    Federal Major Crimes Section
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 815-4063
                    Meredith.Mayer-Dempsey@usdoj.gov